```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                                   :
CALVIN ROBERTS
                                   :
   v.                              :   Civil Action No. DKC 10-3359
                                   :
OFFICE OF THE SHERIFF FOR
CHARLES COUNTY, et al.             :
```

**MEMORANDUM OPINION AND ORDER**

Defendants moved to seal their motion for summary judgment and exhibits in support of their motion for summary judgment in their entirety. (ECF No. 70). The motion is insufficient and will be denied without prejudice to the filing of a properly supported motion.

The Fourth Circuit recently reminded us that:

> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005). The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive

> protection to the interests of the press and the public as does the First Amendment." *In re United States for an Order Pursuant to 18 U.S.C. Section 2703*, 707 F.3d 283, 290 (4th Cir. 2013) (quoting *Va. Dep't of State Police*, 386 F.3d at 575) (internal quotation marks omitted). The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253. By contrast, the First Amendment secures a right of access "only to particular judicial records and documents," *Stone*, 855 F.2d at 180, and, when it applies, access may be restricted only if closure is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest," *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (quoting *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (internal quotation marks omitted)).

*Doe v. Public Citizen*, 749 F.3d 246, 26566 (4th Cir. 2014). In addition, Local Rule 105.11 requires the party seeking sealing to include "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Defendants represent that their motion for summary judgment contains information which has been designated "Confidential" pursuant to the parties' Stipulated Order Regarding

Confidentiality of Discovery Material granted by this court, which requires the parties to file any such material under seal. (ECF Nos. 44 and 45). The motion to seal contains only boilerplate recitations. Defendants have made no attempt to redact portions of the filings as opposed to sealing the documents in their entirety. *See Visual Mining, Inc. v. Ziegler*, No PWG 12-3227, 2014 WL 690905, at *5 (D.Md. Feb. 21, 2014) (denying motion to seal when the only justification was that the documents are "confidential" under a court-approved Protective Order); *Under Armour, Inc. v. Body Armor Nutrition, LLC*, No. JKB-12-1283, 2013 WL 5375444, at *9 (D.Md. Aug. 23, 2013) (denying motions to seal where "[t]he parties . . . provided only the barest support for the motions to seal, usually relying on the protective order issued in th[e] case" and failed to "provide 'specific factual representations' to justify their arguments"); *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 576 n.18 (D.Md. 2012) ("In their motion to seal, Defendants state only that they seek to seal the exhibits pursuant to the confidentiality order, an explanation insufficient to satisfy the 'specific factual representations' that Local Rule 105.11 requires.").

Accordingly, it is this 29th day of July, 2014, by the United States District Court for the District of Maryland hereby ORDERED that:

1.  Defendants' interim motion to seal motion for summary judgment and exhibits in support of motion for summary judgment (ECF No. 70) BE, and the same hereby IS, DENIED without prejudice to renewal within 14 days;

2.  The clerk will transmit copies of the Memorandum Opinion and this Order to counsel.

                                               /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge